UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DUANE MULVILLE, by and through his
successor-in-interest BEVERLY MULVILLE;
ESTATE OF DUANE MULVILLE;
BEVERLY MULVILLE; RYAN JACK MULVILLE;
ELIZABETH MULVILLE; ALLISON MULVILLE;
MINOR PLAINTIFF VGM; MINOR PLAINTIFF
ALM; MINOR PLAINTIFF HLM;

    Plaintiffs,

Case No.: 8:18cv2779T33tgw

vs.

LIFELINK FOUNDATION, INC.; LIFELINK
FOUNDATION, INC. doing business as
LIFELINK OF GEORGIA; TERESA ARMSTRONG;
DANIEL SCHULTZ; CRYOLIFE, INC.; MR. HAWK;
MR. HOCK; ROBBIE BLACK; and
DOES 1-200; inclusive,

    Defendants.
_____/

## NOTICE OF REMOVAL

Defendant, LIFELINK FOUNDATION, INC. ("LifeLink"), pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, hereby gives notice of removal of that certain civil action styled, DUANE MULVILLE, by and through his successor-in-interest BEVERLY MULVILLE; ESTATE OF DUANE MULVILLE; BEVERLY MULVILLE; RYAN JACK MULVILLE; ELIZABETH MULVILLE; ALLISON MULVILLE; MINOR PLAINTIFF VGM; MINOR PLAINTIFF ALM; MINOR PLAINTIFF HLM (collectively, "Plaintiffs") v. LIFELINK FOUNDATION, INC.; LIFELINK FOUNDATION, INC. doing business as LIFELINK OF GEORGIA; TERESA ARMSTRONG; DANIEL

SCHULTZ; CRYOLIFE, INC.; MR. HAWK; MR. HOCK; ROBBIE BLACK; and DOES 1-200; inclusive, Case No. 18-CA-005816, in the Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida (the "State Court Action"), to the United States District Court for the Middle District of Florida, Tampa Division because there is a federal question at issue. As grounds for removal of this action, LifeLink states as follows:

## THE REMOVED CASE

1. Plaintiffs filed their seven-count Complaint on June 15, 2018. This Court has original jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiffs allege Defendants violated the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. § 1961, et seq., (§ 2314 and 2315) ("RICO"), and 42 U.S.C. § 224e(a), the National Organ Transportation (*sic*) Act ("NOTA") in the procurement of decedent Duane Mulville's heart. (See Complaint at paragraphs 5, 59-69). Removal of this action is proper under 28 U.S.C. § 1441(a), in that it is a civil action that involves a claim arising under the laws of the United States and the Court may exercise supplemental jurisdiction over the remaining claims. LifeLink has not pled, answered, or otherwise appeared in the State Court Action. LifeLink hereby reserves all defenses.

2. In accordance with 28 U.S.C. § 1446(d), LifeLink will promptly give notice of this removal to Plaintiffs and file a copy of said notice with the Clerk of the Court in the State Court Action.

## THE REMOVAL IS TIMELY

3. Plaintiffs commenced the State Court Action on June 15, 2018. LifeLink was served with a copy of the complaint and initial process in the State Court Action on October 10, 2018. Accordingly, this Notice of Removal is timely filed. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."); Blair v. Philips Elec. N. Am. Corp., Case No. 8:16-cv-3529, 2017 WL 565075, at *1 (M.D. Fla. Feb. 13, 2017) ("Despite the possible implication of the statutory language [contained in 28 U.S.C. § 1446(b)(1)], a defendant's mere receipt of the complaint unattended by any formal service does not trigger the defendant's timeline to remove a case from state court.") (citing Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999)).

## FILING OF REMOVAL PAPERS

4. In accordance with 28 U.S.C. § 1446(a) and Local Rule 4.02(b), attached hereto as **Composite Exhibit A** are copies of all process, pleadings, orders, and other papers or exhibits filed in this action with the state court. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action will be promptly served on Plaintiffs' counsel. A Notice of Filing Notice of Removal from State Court to United States District Court is being simultaneously filed with the Clerk of the Circuit Court in

and for Hillsborough County, Florida. A true and correct copy of this Notice of Filing Notice of Removal from State Court to United States District Court is attached hereto as **Exhibit B**.

### THE VENUE REQUIREMENT IS MET

5. Venue of this removal is proper in the Middle District of Florida, Tampa Division, under 28 U.S.C. § 1441(a) because the Middle District of Florida embraces the place where the State Court Action was filed, the Circuit Court of Hillsborough County.

### FEDERAL QUESTION JURISDICTION AND SUPPLEMENTAL JURISDICTION

6. This action is removable to federal court pursuant to 28 U.S.C. § 1441 because it could have been originally filed in this Court pursuant to federal question jurisdiction conferred by 28 U.S.C. § 1331. Specifically, jurisdiction under 28 U.S.C. § 1331 exists because a federal question appears "on the face of the plaintiff's properly pleaded complaint." See Caterpillar, Inc. v. William, 482 U.S. 3896, 392 (1987). In this case, Plaintiffs allege in Count I of the Complaint that Defendants' procurement of Duane Mulville's heart violated RICO and NOTA, as a result of which Plaintiffs were injured and are entitled to damages. (See Complaint at paragraphs 5, 59-60).

7. Plaintiffs also assert state law claims for violations of Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), conversion, intentional infliction of emotional distress, negligence and unjust enrichment ("State Law Claims") all premised on allegations identical to those allegations that form the basis of the federal question claim. This Court may exercise supplemental jurisdiction over these claims because they

are "so related to that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

8. Lastly, on November 8, 2018, Plaintiffs voluntarily dismissed with prejudice Defendants Teresa Armstrong, Daniel Schultz, Mr. Hawk, and Mr. Hock from the State Court Action. Upon information and belief, Plaintiffs have not served the remaining defendants, Robbie Black or Cryolife, Inc., as of the date of filing this Notice of Removal. Therefore, LifeLink was not required to obtain the consent of any other defendant before removing the State Court Action. *See* 28 U.S.C. § 1446(b)(2)(a) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."); Dickinson v. Hoyt, Case No. 3:16-cv-69, 2016 WL 9308532, at *1 (N.D. Fla. May 11, 2016) ("The rule of unanimity under does not require the defendant seeking removal to obtain the consent of defendants not yet served."). Accordingly, the requirements of § 1441(a) are met and this action is removable.

## CONCLUSION

Removal is appropriate under 28 U.S.C. § 1441 and this notice of removal was timely filed within thirty (30) days after service of the Complaint. Accordingly, this action, currently pending in the Circuit Court in and for Hillsborough County, Florida, should be removed to the United States District Court for the Middle District of Florida, Tampa Division, and this Court should assume full jurisdiction of the case as provided by law.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Notice of Removal has been served by e-mail on November 9, 2018 to: Karen Larson, Esquire Karen.a.larson@gmail.com, Century Law Group, 751 Orchid Court, Marco Island Florida 34145 and to: Steven Zelig, Esquire, slz@brentwoodls.com, WLA LEGAL SERVICES, INC., 1543 Seventh Street, Third Floor, Santa Monica, CA 90401.

/s/ *Brigid A. Merenda*
RICHARD M. HANCHETT
Florida Bar No. 0709212
rhanchett@trenam.com
achrisman@trenam.com
BRIGID A. MERENDA
Florida Bar No. 0320500
bmerenda@trenam.com
ranctil@trenam.com
ANNE C. LEONARD
Florida Bar No. 0085133
aleonard@trenam.com
jamer@trenam.com
TRENAM, KEMKER, SCHARF, BARKIN,
 FRYE, O'NEILL & MULLIS, P.A.
101 East Kennedy Boulevard, Suite 2700
Post Office Box 1102
Tampa, Florida 33601
Telephone: (813) 223-7474
Facsimile: (813) 229-6553
Attorneys for Defendant,
LifeLink Foundation, Inc.