# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

DUANE MULVILLE, by and through his
successor-in-interest BEVERLY MULVILLE;
ESTATE OF DUANE MULVILLE;
BEVERLY MULVILLE; RYAN JACK MULVILLE;
ELIZABETH MULVILLE; ALLISON MULVILLE;
MINOR PLAINTIFF VGM; MINOR PLAINTIFF
ALM; MINOR PLAINTIFF HLM;

      Plaintiffs,

vs.                          Case No. 8:18-cv-02779-VMC-TGW

LIFELINK FOUNDATION, INC.; LIFELINK
FOUNDATION, INC. doing business as
LIFELINK OF GEORGIA; TERESA ARMSTRONG;
DANIEL SCHULTZ; CRYOLIFE, INC.; MR. HAWK;
MR. HOCK; ROBBIE BLACK; and
DOES 1-200; inclusive,

      Defendants.

_____/

## LIFELINK FOUNDATION, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT FOR COMPENSATORY AND PUNITIVE DAMAGES

Defendant, LifeLink Foundation, Inc. ("LifeLink"), through its undersigned counsel, answers Plaintiffs' Amended Complaint as follows:

1.     Without knowledge, therefore denied.

2.     Denied.

3.     Admitted only that venue and jurisdiction is proper as to LifeLink, otherwise denied.

4.      Denied that Plaintiffs are entitled to any relief, without knowledge and otherwise denied as to the remaining allegations.

5.      Denied that Plaintiffs are entitled to any relief, without knowledge and otherwise denied as to the remaining allegations.

6.      Denied.

7.      Denied.

8.      Denied.

9.      Denied.

10.     Without knowledge, therefore denied.

11.     Without knowledge, therefore denied.

12.     Without knowledge, therefore denied.

13.     Without knowledge, therefore denied.

14.     Without knowledge, therefore denied.

15.     Without knowledge, therefore denied.

16.     Without knowledge, therefore denied.

17.     Without knowledge, therefore denied.

18.     Without knowledge, therefore denied.

19.     Without knowledge, therefore denied.

20.     Denied that defendant, LifeLink had any secret and illegal financial arrangements with defendant Black, otherwise without knowledge and therefore denied.

21.     Without knowledge, therefore denied.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied.

26.     As to Beverly's alleged decision that she decided to pay for an autopsy, without knowledge and therefore denied.   Denied also that Beverly relayed to LifeLink that she had decided she would pay for a private autopsy.   As to any remaining allegations, denied.

27.     Denied.

28.     Denied.

29.     Without knowledge, therefore denied.

30.     Denied.

31.     Without knowledge, therefore denied.

32.     Denied.

33.     Without knowledge, therefore denied.

34.     Without knowledge, therefore denied.

35.     Without knowledge, therefore denied.

36.     To the extent Plaintiffs purport to interpret or characterize the alleged tag on Duane's foot, the tag speaks for itself, and as such, this allegation is denied.

37.     Admitted that LifeLink procured Duane Mulville's heart consistent with Duane Mulville's anatomical gift made by Duane Mulville during his lifetime, otherwise denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Without knowledge as to Plaintiffs' beliefs, therefore denied.

44.     Admitted that CryoLife completed a thorough pathology report dated June 20, 2017, which has been provided to Beverly, and that LifeLink offered to return Duane Mulville's heart, otherwise denied.

45.     Without knowledge, therefore denied.

46.     Without knowledge, therefore denied.

47.     Denied.

48.     Without knowledge, therefore denied.

49.     Denied that the GBI's autopsy was limited.   Denied that the GBI conducted the autopsy six months after Duane Mulville's death.  The contents of the GBI report speak for itself.  To the extent Plaintiffs attempt to characterize or interpret the contents of the report, LifeLink denies the allegations.   LifeLink further denies any remaining allegations as set forth in paragraph 49 (A-B).

50.     Denied.

51.     Denied.

52.     This allegation does not appear to be directed to LifeLink.  To the extent that this allegation is directed to LifeLink, this allegation is denied.

53.     LifeLink incorporates its answers to paragraphs 1-52 as through fully set forth herein.

54.     To the extent Plaintiffs purport to interpret or characterize Georgia law, Georgia law speaks for itself, and as such, this allegation is denied.

55.     Denied.

56.     Denied.

57.     To the extent Plaintiffs purport to interpret or characterize Georgia law, Georgia law speaks for itself, and as such, this allegation is denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.- 86.     LifeLink moved to dismiss Count II for Intentional Infliction of Emotional Distress and as such no response is required to the allegations contained in paragraphs 64-86.   To the extent that a response is required LifeLink denies the allegations contained in paragraphs 64-86.

87.     LifeLink incorporates its answers to paragraphs 1-52 as though fully set forth herein.

88.     Denied.

89.     Denied.

90.     Denied.

91.     To the extent Plaintiffs purport to interpret or characterize Georgia law, Georgia law speaks for itself, and as such, this allegation is denied.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Without knowledge, therefore denied.

96.     Without knowledge, therefore denied.

97.     To the extent Plaintiffs purport to interpret or characterize the alleged tag on Duane's foot, the tag speaks for itself and as such this allegation is denied.

98.     Denied.

99.     Without knowledge, therefore denied.

100.    Without knowledge, therefore denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Without knowledge, therefore denied.

106.    Without knowledge, therefore denied.

107.    Denied.

108.    Denied.

109.    LifeLink incorporates its responses to paragraphs 1-52 as through fully set forth herein.

110.    Denied.

111.    Denied.

112.    Denied.

113.    To the extent Plaintiffs purport to interpret or characterize Georgia law, Georgia law speaks for itself, and as such, this allegation is denied.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Without knowledge, therefore denied.

118.    Without knowledge, therefore denied.

119.    To the extent Plaintiffs purport to interpret or characterize the alleged tag on Duane's foot, the tag speaks for itself and as such this allegation is denied.

120.    Denied.

121.    Without knowledge, therefore denied.

122.    Denied.

123.    Denied.

Responding to the unnumbered prayer for relief following paragraph 123, LifeLink denies that Plaintiffs are entitled to any relief.  Any allegation in the Amended Complaint that is not expressly and specifically admitted in this Answer is hereby denied.

## DEFENSES

## FIRST DEFENSE

Plaintiffs' claims are barred due to failure to state a claim upon which relief may be granted.

## SECOND DEFENSE

To the extent that a particular Plaintiff is not the real party in interest and lacks standing to pursue a claim, such claims are barred.

## THIRD DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel.

## FOURTH DEFENSE

Plaintiffs have failed to take actions to mitigate any alleged damages caused by LifeLink and any such damages not reasonably mitigated should be barred or reduced accordingly.

## FIFTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs' own actions or inactions are the legal cause of any damages allegedly suffered by Plaintiffs.  Therefore, any damages recovered by Plaintiffs must be reduced according to their share of fault.

## SIXTH DEFENSE

Plaintiffs' damages, if any, were caused in whole or in part by third parties over whom LifeLink had no control.

### SEVENTH DEFENSE

The damages, if any, allegedly suffered by Plaintiffs were a result of actions or inactions of parties or non-parties other than LifeLink.

### EIGHTH DEFENSE

Plaintiffs' damages, if any, were caused by an intervening and/or superseding and/or independent cause and, therefore, LifeLink is not liable.

### NINTH DEFENSE

In the event the LifeLink is determined to be liable for damages in this action, any judgment against it is specifically limited to the alleged tortfeasor's percentage of fault in accordance with the provisions of Florida Statute § 768.81.

### TENTH DEFENSE

LifeLink is entitled to rely upon the doctrine of *Fabre v. Marin,* 623 So. 2d 1182 (Fla. 1993). If any co-defendant is dismissed from this case at any time, LifeLink adopts all allegations asserted by Plaintiffs against that co-defendant for purposes of placing that co-defendant on the verdict form pursuant to *Fabre.*

### ELEVENTH DEFENSE

Third persons over whom LifeLink had no control may be responsible for the injuries sustained by Plaintiffs, and as such, Plaintiffs' claims against LifeLink should be comparatively reduced or barred under the doctrine of *Fabre v. Marin,* 623 So. 2d 1182 (Fla. 1993). These persons include but are not limited to:

- Dr. Alon Aharon, identified by Plaintiffs as a friend, to the extent his incorrect advice to Beverly Mulville regarding an autopsy, or any other of his words or acts, caused or contributed to Plaintiffs' emotional distress; and

- Steven Zelig, Esquire, counsel for the Plaintiffs, to the extent that his words and actions caused or contributed to the Plaintiffs' emotional distress.

- Any non-parties who were involved in the attempted resuscitation,  transportation and/or other interaction with Duane Mulville and/or who interacted with Plaintiffs;

- Additional *Fabre* defendants may be identified after discovery.

## TWELFTH DEFENSE

Plaintiff has received collateral source benefits for which LifeLink is entitled to a lawful set off pursuant to Section 768.76, *Florida Statutes*.

## THIRTEENTH DEFENSE

LifeLink is entitled to an apportionment of damages in accordance with the degree of fault of all parties and non-parties and is entitled to any and all relief limiting the doctrine of joint and several liability pursuant to Section 768.81, *Florida Statutes*.

## FOURTEENTH DEFENSE

LifeLink is entitled to a set off for any sums paid by any third party to Plaintiffs as payment or settlement of Plaintiffs' claims related to the events alleged in this action and/or the Georgia Action.

WHEREORE, Defendant, LifeLink Foundation, Inc., seeks entry of final judgment in its favor and against Plaintiffs, an award of costs incurred in its defense and for such other and further relief as this Court deems just and proper.

 */s/ Brigid A. Merenda*
RICHARD M. HANCHETT
Fla Bar No. 0709212
rhanchett@trenam.com; achrisman@trenam.com
BRIGID A. MERENDA
Fla Bar No. 0320500
bmerenda@trenam.com; ranctil@trenam.com
TRENAM, KEMKER, SCHARF, BARKIN,
 FRYE, O'NEILL & MULLIS, P.A.
101 East Kennedy Blvd., Suite 2700 (33602-5150)
Post Office Box 1102
Tampa, FL  33601-1102
Telephone: (813) 223-7474
Facsimile: (813) 229-6553
Attorneys for Defendant, LifeLink Foundation, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Answer and Affirmative Defenses to Plaintiffs' Amended Complaint has been served by CM/ECF electronic filing and e-mail on March 25, 2019 to all counsel of record.

 */s/ Brigid A. Merenda*
Attorney